UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHASTITY SHEPHERD AND JOSEPH MOON,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOE RAY BONDING COMPANY, INC., JOE RAY, and TONYA RENEE CONNORS,<br><br>    Defendants. | **Civil Action File No.** |

## **COMPLAINT**

Plaintiffs Chastity Shepherd and Joseph Moon ("Plaintiffs") state their complaint against the above-named Defendants as follows.

1. This is a complaint for unpaid overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). This complaint also states claims for breach of contract, quantum meruit, unjust enrichment, promissory estoppel, and attorneys' fees and costs under Georgia law.

2. This Court has jurisdiction over Plaintiffs' claims, and venue is proper in this Court.

3. Defendant Joe Ray Bonding Company, Inc. ("Joe Ray Bonding") is a Georgia corporation that provides bail bonding services in several Metro Atlanta area counties, including Gwinnett, Cobb, and Rockdale counties, among others.

4. Defendant Joe Ray ("Ray") owns and operates Joe Ray Bonding.

5. Defendant Tonya Renee Connors ("Connors") manages Joe Ray Bonding.

## Allegations Regarding FLSA Violation

6. As the owner and manager of Joe Ray Bonding, Ray and Connors determine and control the company's methods of compensating employees of Joe Ray Bonding.

7. Within the three-year period preceding the filing of this complaint, Joe Ray Bonding, Ray, and Connors (collectively "Defendants") jointly employed Plaintiffs as bail bondsmen.

8. As bail bondsmen, Plaintiffs' work duties included, among other duties, meeting with customers to issue bonds, office work related to the processing of bonds, and recovery work, i.e., locating customers who were out of compliance with the requirements of their bond.

9. In addition, during their employment with Defendants, Plaintiffs regularly performed work related to and appeared on the "Joe Ray Bonding Show," a

reality TV show produced by Defendants.

10. Plaintiffs routinely used instrumentalities of interstate commerce in the performance of their work duties for Defendants. For example, Plaintiffs made interstate telephone calls and used the internet daily.

11. Plaintiffs also conducted business across state lines while employed by Defendants. For example, they issued bonds to individuals facing criminal charges in Georgia, but who resided in other states.

12. For Plaintiffs' services, Defendants paid Plaintiffs a flat rate per week, plus commission based on the number of bonds Plaintiffs issued.

13. Between their normal work duties and their work related to the Joe Ray Bonding Show, Plaintiffs routinely worked more than 40 hours per week, and they often worked 80 or more hours per week.

14. Defendants did not pay Plaintiffs additional overtime pay for their working hours over 40 per week.

15. COUNT 1 (unpaid overtime) – Defendants violated the FLSA by failing to pay Plaintiffs 1.5 times their regular hourly rate for their working hours over 40 per week.

16. Defendants' violation of the FLSA described above was willful, as Defendants either knew or should have known of their obligation under the

FLSA to pay overtime compensation to Plaintiffs.

## Allegations Regarding State Law Claims

17. Prior to Plaintiffs' appearance on the Joe Ray Bonding Show, Ray and Connors verbally agreed to pay Plaintiffs each $25,000 plus $1,000 per episode in which they appeared for their work on and appearance in the show.

18. Plaintiffs agreed to perform work related to and appear on the Joe Ray Bonding show in exchange for the additional compensation promised by Ray and Connors.

19. In reliance on Ray and Connors' promise, beginning in approximately January 2015, Plaintiffs performed a significant amount of work related to the Joe Ray Bonding Show, and they appeared in numerous episodes of the show.

20. Despite their promise to compensate Plaintiffs for their work on and appearance in the Joe Ray Bonding Show, as of the date of this complaint, Ray and Connors have refused to provide Plaintiffs any compensation.

21. COUNT 2 (breach of contract under Georgia law) – A verbal contract existed between Plaintiffs and Defendants that obligated Defendants to compensate Plaintiffs for their work on and appearance in the Joe Ray

Bonding Show. Defendants breached this contract by failing to pay Plaintiffs as agreed. Plaintiffs suffered financial harm due to Defendants' breach.

22. COUNT 3 (Quantum Meruit under O.C.G.A § 9-2-7) – By performing work on and appearing in the Joe Ray Bonding Show, Plaintiffs provided valuable services to Defendants. Nevertheless, Defendants failed to compensate Plaintiffs for their services. Thus, under O.C.G.A § 9-2-7, Defendants are liable to Plaintiffs for the reasonable value of their work on and appearance in the Joe Ray Bonding Show.

23. COUNT 4 (Unjust Enrichment under Georgia Law) – By promising to compensate Plaintiffs for their work on and appearance in the Joe Ray Bonding Show, Ray and Connors encouraged Plaintiffs to provide valuable services to Defendants. Plaintiffs expected to be compensated for their work on and appearance in the Joe Ray Bonding Show. Defendants were aware that Plaintiffs were providing valuable services for which they expected to be compensated, and they readily accepted Plaintiffs' services. Thus, equity requires that Defendants compensate Plaintiffs for their work on and appearance in the Joe Ray Bonding Show.

24. COUNT 5 (Promissory Estoppel under Georgia Law) – Ray and Connors promised to compensate Plaintiffs for their work on and appearance in the Joe Ray Bonding Show. Ray and Connors should have reasonably expected that such a promise would induce Plaintiffs to perform such services. In reliance on this promise, Plaintiffs performed work related to and appeared in the Joe Ray Bonding Show. In doing so, Plaintiffs provided valuable services to Defendants to their detriment, i.e., they worked without receiving compensation for their time and efforts.

25. COUNT 6 (Attorneys' Fees and Costs under O.C.G.A. § 13-6-11) – Plaintiffs attempted to resolve this matter prior to initiating litigation. However, Defendants refused to entertain reasonable settlement discussions, and have thus acted in bad faith, been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense. Additionally, Defendants' refusal to compensate Plaintiffs for their services constitutes bad faith. Plaintiffs are therefore entitled to recover their attorneys' fees and costs under O.C.G.A. § 13-6-11.

Based on the above facts, Plaintiffs request a jury trial on all triable issues and ask the Court for the following relief:

a. unpaid overtime wages;

b. liquidated damages as permitted by the FLSA;

c. all damages proximately caused by Defendants' breach of contract;

d. compensation for the value of their services related to working on and appearing in the Joe Ray Bonding Show;

e. compensation for the financial benefits they bestowed upon Defendants by working on and appearing in the Joe Ray Bonding Show; and

f. litigation costs, attorneys' fees, and other relief deemed appropriate by the Court.

Respectfully submitted on February 21, 2018.

<i>s/ Regan Keebaugh</i><br>
Regan Keebaugh<br>
Georgia Bar No. 535500

Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com